## DANIEL HUNTER *vs.* ELBRIDGE RANDALL.

Sagadahoc.    Opinion February 18, 1879.

*Exceptions. Malicious prosecution. New trial.*

When instructions are requested which present a partial view of the case, and exclude from the consideration of the jury matters properly before them, the refusal is no ground of exception.

Where evidence is put in without objection, and is before the jury, the refusal of a request that the presiding judge rule, as matter of law, that such evidence can have no weight upon the issues in the case, affords no ground of exception.

In an action for malicious prosecution for the crime of perjury, the refusal of the presiding justice to instruct the jury, as matter of law, that, if the plaintiff's testimony was false, the defendant had probable cause, affords no ground of exception. The testimony may have been false, and still the defendant may have had good reason to believe it was not wilfully and corruptly false.

The fact that a witness testified before the grand jury, together with his testimony delivered there, may, when otherwise competent, be proved in the trial of an action, when such evidence is required for the purposes of public justice, or the establishment of private rights.

Objection to the admissibility of evidence must be specific in order to be available to the objecting party.

The declarations of a witness, which conflict with his testimony, are admissible to affect his credibility.

A letter written by an attorney (not of record) to, and received by the plaintiff, which subsequently came into the possession of the defendant, is at best the declaration of a third person and not admissible in behalf of the defendant, in the absence of any evidence, *dehors* the letter, that it was written in response to any communication from the plaintiff.

Where an issue is raised as to the genuineness of a letter purporting to have been written by the defendant, a request to instruct the jury that "they are to read and consider the contents of it, and see whether it is or is not consistent with known circumstances," affords no ground for exceptions on the part of the defendant, for the reason of the vagueness of the request.

A new trial will not be granted, on the ground of newly discovered evidence, when the moving party might, by proper diligence, have discovered such evidence in season for the trial.

ON EXCEPTIONS AND MOTION.

ACTION on the case for malicious prosecution.

Many of the facts in the case are detailed in *Hunter* v. *Randall*, 62 Maine, 423. The plaintiff, in the writ in this action, charges that, in August, 1876, the defendant entered a complaint before a trial justice of the county against him, alleging that, in the trial of an action at the August term in this county in 1872, and at a subsequent term of the same court in the trial of the same action, the plaintiff, then and there, was a witness, and that he testified falsely and corruptly, and was guilty of the crime of perjury ; that, in consequence of that complaint, he was arrested and brought before the magistrate, and bound over to answer before the supreme judicial court of the county, and was subjected to great inconvenience, peril and ignominy, etc.

The verdict was for the plaintiff for $1,500. The opinion presents the whole question.

The presiding judge, at plaintiff's request, instructed the jury that " if Randall and Oliver conspired to obtain the money from Hunter for their common benefit by deception or false representation, the acts of each in the accomplishment of that common purpose would be the act of the other. Each would be liable for the money thus wrongfully obtained. It is immaterial to you what proportion they were to share or be benefitted by the wrong, or on whose credit the money was obtained from Hunter."

The defendant, among other requests which were given in full, requested the presiding judge to give the following instructions to the jury :

" I. That the testimony of Hunter that he let Randall have $3,110 in 1868, if meant and understood as testimony delivered in support of his declaration for money had and received, is justifiable only in case Hunter had let him have money as a loan, accommodation, or otherwise, upon the credit of Randall."

This instruction was given, excepting the word only, which was omitted in reading.

" II. If it were true that Hunter let Randall have money for Oliver, as a loan to Oliver, that fact would not justify the testimony of Hunter that he let Randall have money as a loan, accommodation, or otherwise, to the credit of Randall."

This was given with the word " alone " inserted after the words " that fact."

" III. If Hunter parted with his money, and took Oliver's security for it, it was a loan to Oliver and not to Randall; and upon the trial of the case for money had and received, it is immaterial whether the money went through Randall's hands or not."

This was given with the word " alone " inserted after the word "security, " and the words " without relying upon Randall," inserted after the words " for it."

" IV. That the transaction between Hunter and Randall, in which Hunter sold and endorsed notes to Randall for cash, and that in which Randall cashed the note or notes of Hunter, have no effect to charge Randall as indebted to Hunter; nor do such transactions have any effect to justify Hunter's testimony that he did let Randall have $3,110 in 1868."

" V. That if Hunter's loan was made to Oliver, and upon security given by Oliver, the testimony of Hunter to the effect that he let Randall have the money is false, and Randall had probable cause."

" VI. It is immaterial whether the security given by Oliver was or was not good or sufficient."

" VII. In the consideration of the question whether the letter of June 23d was or was not written by Randall, the jury are to read and consider the contents of the writing, and see whether it is or is not consistent with known circumstances."

*J. S. Baker & N. M. Whitmore,* for the plaintiff.

*W. Gilbert & C. W. Larrabee,* for the defendant.

LIBBEY, J. This is case against the defendant for malicious prosecution of the plaintiff for perjury.

The only exception to the charge, relied upon by the defendant's counsel, is to giving the instruction requested by the plaintiff. It is not maintained that that part of the charge is not good

law; but it is claimed that it is not applicable to the case; that there is no evidence in the case which would authorize the jury to find a conspiracy between the defendant and Oliver to obtain the plaintiff's money on the security of Oliver, and therefore the instruction should not have been given. Upon a careful consideration of the evidence, we cannot say that there is not enough in the case to authorize the instruction.

Certain requests for instructions were presented to the court by the defendant, which were given with some qualification, or not given at all except as appears in the charge, which is made a part of the case, and exceptions are taken thereto.

We shall consider the several requests in the order in which they are stated in the exceptions.

I. " That the testimony of Hunter that he let Randall have $3,110 in 1868, if meant and understood as testimony delivered in support of his declaration for money had and received, is justifiable only in case Hunter had let him have money as a loan, accomodation, or otherwise, upon the credit of Randall." This was given excepting the word " only," which was omitted.

This request is based upon the hypothesis that the plaintiff had no justification for giving the testimony recited, for which he was prosecuted, unless he had let the defendant have the money on his credit. The proposition shuts out all other theories.

The precise testimony given by the plaintiff, for which he was prosecuted by the defendant, does not appear in the report of the evidence. A full report of it was identified and verified by Mr. Pulsifer, the reporter, and was put in evidence, but it does not appear in the case. The evidence tends to prove that it was, in substance, that he let the defendant have $3,110 in 1868, and that it had not been paid to him; and that he was proceeding to state the facts and circumstances in the transactions between the parties, when objection thereto was made by the defendant's counsel, and he was not permitted to testify to them.

The real issue upon which the jury was to pass, was not merely whether the defendant had probable cause to believe the plaintiff's testimony false, but whether he had probable cause to believe the testimony wilfully and corruptly false. If the jury was satisfied

by the evidence that the plaintiff desired and was proceeding to state all the facts, in explanation of what he meant by his general declaration that he let the defendant have the money, and was prevented from so doing by the defendant's objection, they might deem it very important upon the question whether the testimony was wilfully and corruptly false ; and whether the defendant had probable cause to believe it was so given. The request, if given, would shut out this view of the case from the consideration of the jury.

Again, the request excludes the plaintiff's theory that the defendant and Oliver conspired together to fraudulently obtain the plaintiff's money on the worthless securities of Oliver, and thereby induced him to deliver his money to the defendant, to be shared between them. If this theory was well founded, the plaintiff could recover under his count for money had and received, though he parted with his money on the credit of Oliver. And if the plaintiff testified as claimed, in support of the count, intending and attempting to follow his general statement with a detailed statement of the facts and circumstances tending to support that theory, and was prevented from doing so by the defendant's objection, it would seem to negative the theory that his testimony was wilfully and corruptly false.

The request presented a partial view only of the case, and was properly refused without the modification made.

II. "If it were true that Hunter let Randall have money for Oliver, as a loan to Oliver, that fact would not justify the testimony of Hunter that he let Randall have money as a loan, accommodation, or otherwise, to the credit of Randall." This request was given with the word " alone " inserted after " fact."

This was sufficiently favorable to the defendant. The presiding judge ought not to have given the request without qualification, for the reasons we have stated above ; and for the further reason that it assumes, as fact, that the plaintiff testified that he let the defendant have the money as a loan, accommodation, or otherwise, to his credit.

III. " If Hunter parted with his money, and took Oliver's security for it, it was a loan to Oliver and not to Randall ; and

upon the trial of the case for money had and received, it is immaterial whether the money went through Randall's hands or not." This request was qualified by inserting "alone" after security, and "without relying upon Randall" after "for it."

The request, as a legal proposition, is not correct. The plaintiff might have parted with his money on the credit of Randall, and still have taken Oliver's security. He might have relied upon the credit of both. As given, it was correct and sufficiently favorable to the defendant.

IV. "That the transaction between Hunter and Randall, in which Hunter sold and endorsed notes to Randall for cash, and that in which Randall cashed the note or notes of Hunter, have no effect to charge Randall as indebted to Hunter; nor do such transactions have any effect to justify Hunter's testimony that he did let Randall have $3,110 in 1868."

This request selects certain portions of the evidence tending to show the whole of the transactions between the parties, and asks the court to instruct the jury, as matter of law, that they have no effect upon the issues involved in the case. The evidence was introduced without objection. We cannot say that it was entirely irrelevant. It tended to show the interest the defendant took in procuring the money. It was proper for the consideration of the jury in connection with the other evidence in the case. The request was properly refused.

V. "That, if Hunter's loan was made to Oliver, and upon security given by Oliver, the testimony of Hunter to the effect that he let Randall have the money, is false; and Randall had probable cause."

The request was properly refused. The court could not declare, as matter of law, that, if plaintiff's testimony was false, the defendant had probable cause. The testimony may have been false, and still the defendant may have had good reason to believe that it was not wilfully and corruptly false.

VI. "It is immaterial whether the security given by Oliver was or was not good and sufficient."

This request was properly refused. If the security given was worthless we think it a material fact in the case.

VII. "In the consideration of the question whether the letter of June 23 was or was not written by Randall, the jury are to read and consider the contents of the writing, and see whether it is or is not consistent with known circumstances."

What the "known circumstances" were, with which the jury were to compare the contents of the letter, does not appear. The parties were at issue in regard to the most of the facts and circumstances of the case. The jury could not compare the contents of the letter with known circumstances outside of the case. The request was too vague and uncertain, and calculated to mislead the jury. Upon this point the court gave the jury proper instructions. The request was properly refused.

Exceptions are also taken to the admission and exclusion of evidence.

The plaintiff offered the list of witnesses before the grand jury at the August term, 1876, duly certified and returned into court with the indictments. It was admitted under the defendant's objection. Wm. T. Hall, county attorney, was called by the plaintiff, and was permitted by the court, under the defendant's objection, to testify what witnesses testified before the grand jury on the complaint against the plaintiff. It is claimed by the counsel for the defendant that this evidence was inadmissible, on the ground that it revealed the secrets of the grand jury.

By the settled law of this state, this evidence was clearly admissible. The fact that a witness testified before the grand jury, and the testimony given by him, when otherwise competent, may be proved "when the evidence is required for the purposes of public justice, or the establishment of private rights." *State* v. *Benner*, 64 Maine, 267.

J. D. Pulsifer, a witness called by the plaintiff, was asked, "Are you acquainted with Elbridge Randall's hand-writing as admitted by him at the last term?" The question was objected to generally by the defendant's counsel, but the witness was permitted to answer, and said, "I am."

It is contended that this question was not admissible, because it assumed an admission of the defendant supposed to have been made at a previous term of court. There are two answers to this

objection. 1. The objection was general. The ground of the objection should have been stated. If it had been, the question might have been changed so as to obviate the objection. 2. It was admitted by the defendant that the papers referred to by the witness were in defendant's hand-writing.

After Ezekiel Oliver had been called and testified in behalf of the defendant, Martha E. Luce and B. S. Luce were permitted to testify, against the defendant's objection, to certain declarations of Oliver. It is claimed that this evidence was incompetent, as it does not contradict Oliver. We think it had some tendency to impeach his credibility, and was admissible for that purpose.

Nathan Coombs, called by the plaintiff, was permitted to testify, against the defendant's objection, that Oliver told him that " all the money he received came through Randall's hands." It is claimed that this evidence was inadmissible, as it does not contradict Oliver. He had previously testified that he received a large part of the money directly from the plaintiff. The evidence had some tendency to impeach him, and was admissible for that purpose.

The defendant offered in evidence a letter, dated Portland, June 12, 1871, purporting to be signed by A. A. Strout, and addressed to the plaintiff. There was evidence tending to show that the signature was genuine, and that the letter had been in the possession of the plaintiff; but that it was found by Mrs. Mustard in her husband's orchard, and came into the possession of the defendant. It purports to be an opinion upon the law of the original action, *Hunter* v. *Randall.* It was objected to by the plaintiff and excluded. It is claimed that it was admissible, " as tending to negative the hypothesis of the testimony for which Hunter was prosecuted." At best, the letter is the mere declaration of a third party. There is no evidence that it was written in response to any communication by the plaintiff, other than what appears in the letter itself. We think it clearly inadmissible.

It is contended in behalf of the defendant that he acted upon advice of counsel, and acted in good faith upon the advice he received; and that that was sufficient to show probable cause. This point was submitted to the jury by the court under instruc-

tions to which no exception is taken. It presents no question of law for the consideration of this court.

There is a motion to set aside the verdict, because it is against the evidence, and because the damages are excessive; and also a motion for a new trial, on the ground of newly discovered evidence.

The evidence presented to the jury was conflicting. The issues of fact were submitted to them under appropriate instructions. The facts were exclusively for their consideration. They saw the witnesses, and could judge of their intelligence and disposition to testify to the whole truth. Their credibility and the weight to be given to their evidence were for the determination of the jury. We cannot say that there is such a preponderance of evidence against the verdict as will justify us in setting it aside as against evidence.

As to the motion for a new trial, on the ground of newly discovered evidence, the alleged newly discovered evidence comes from experts, and relates to the question whether the letters called the Oliver and Cox letters, marked B and C, are the handwriting of the defendant. The case had been once before tried to the jury when this issue was raised and presented to them. Several months intervened between that time and the second trial when this verdict was rendered. With full knowledge of the issue involved, and of the plaintiff's evidence upon it, the defendant had ample time in which to obtain the evidence of experts. Their evidence relates to matters of science and art, which, on inquiry, might have been discovered before the trial as well as after it. This court has held that, under such a state of facts, such evidence cannot be regarded as newly discovered evidence. *Blake* v. *Madigan*, 65 Maine, 522. But a careful consideration of the new evidence, in connection with the evidence in the case, does not satisfy us that the Oliver letter of June 23 is not genuine. The verdict ought not to be disturbed on account of the alleged newly discovered evidence.

The damages found by the jury are large. We think, under all the facts and circumstances of the case, that they are exces-

sive, and that the plaintiff ought to remit all over five hundred dollars.

> *Exceptions overruled. Motion sustained, unless the plaintiff will remit all over five hundred dollars. If he so remits, motions overruled.*

APPLETON, C. J., WALTON, BARROWS and VIRGIN, JJ., concurred.